**Rudina BORI, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–1770–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 28, 2005.

Steven A. Mundie, New York, New York, for Petitioner.

David P. York, United States Attorney, Richard H. Loftin, Assistant United States Attorney, Mobile, Alabama, for Respondent.

Present: Hon. Jon O. NEWMAN, Hon. richard c. WESLEY, and Hon. Peter W. HALL, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General, John Ashcroft as the respondent in this case.

## SUMMARY ORDER

UPON DUE CONSIDERATION of the petition for review of a decision of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the petition for review is DENIED.

Petitioner Rudina Bori ("Bori") petitions, through counsel, for review of the BIA's decision denying her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary, *see* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004), but "review[s] *de novo* the question of law regarding what evidence will suffice to carry an asylum applicant's burden of proof." *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003).

Bori failed to provide sufficient detail or supporting evidence to show that she was persecuted on account of her political opinion. *See* 8 U.S.C. § 1101(a)(42). Bori claimed that she received threatening notes from communists during the 1990s, was attacked and beaten in 2001, participated in student demonstrations in 1990 and 1991, and joined the Democratic Party in 1994. When asked how the communists knew about her political opinion, Bori conceded that thousands of people participated in the demonstrations and could state only that the communists learned who they were over time. Thus, her testimony was too vague as she failed to show that she was persecuted on account of her political opinion. *See Jin Shui Qiu,* 329 F.3d at 150–51. Bori's argument, that her attack-ers' statement that she had been warned, is sufficient to show a nexus, lacks merit, as the statement and the attack were in 2001, which, according to Bori's testimony, was almost ten years after she had been politically active. The BIA did not err by requiring further evidence of the persecution, as Bori's supporting documents do no more than make general allegations that the family was persecuted by communists and fail to indicate how or when that persecution occurred or why it was believed to be politically motivated. *Id.*

As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang,* 386 F.3d at 71. Bori has waived her claim to CAT relief, as she did not raise it in her brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is denied. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).